IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHWINI L. KUMAR, RAJENDRA KUMAR, | 2:11-cv-00338-GEB-GGH |
| Plaintiffs, | |
| v. | ORDER |
| NEW CENTURY MORTGAGE CORPORATION, RECONTRUST COMPANY, CAL-WESTERN RECONVEYANCE CORPORATION, and DOES 1 through 50, inclusive, | |
| Defendants. | |

On June 5, 2012, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 10.) No objections were filed.

Accordingly, any findings of fact are presumed correct. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The portion of the Findings and Recommendations concerning dismissal of Plaintiffs' federal claims is ADOPTED and augmented as follows. Plaintiffs' conclusory allegations fail to allege viable federal claims, and since Plaintiffs' failure to respond to Recontrust

1

1  Company's dismissal motion, and the Order to Show Cause filed May 15,
2  2012, convey they cannot allege viable federal claims, Plaintiffs'
3  federal claims are dismissed with prejudice.
4     In light of this dismissal, the issue is reached whether
5  supplemental jurisdiction should continue being exercised over
6  Plaintiffs' state claims. "[P]endent [or supplemental] jurisdiction is
7  a doctrine of discretion, not of [a party's] right." United Mine
8  Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). District courts have
9  discretion to *sua sponte* "decid[e] whether to decline, or to retain,
10 supplemental jurisdiction over state law claims when any factor in [28
11 U.S.C.§ 1367(c)] is implicated[.]" Acri v. Varian Assocs., Inc., 114
12 F.3d 999, 1001 (9th Cir. 1997)(en banc). A district court can "decline
13 to exercise supplemental jurisdiction over" pendent state claims if "the
14 district court has dismissed all claims over which it has original
15 jurisdiction[.]" 28 U.S.C. § 1367(c)(3). "While discretion to decline to
16 exercise supplemental jurisdiction over state law claims is triggered by
17 the presence of one of the conditions in § 1367(c), it is informed by
18 the Gibbs values 'of economy, convenience, fairness, and comity.'" Acri,
19 114 F.3d at 1001.
20    Judicial economy does not favor continuing to exercise
21 supplemental jurisdiction in this action since none of the state law
22 claims have been addressed on the merits. See Otto v. Heckler, 802 F.2d
23 337, 338 (9th Cir. 1986)("The district court, of course, has the
24 discretion to determine whether its investment of judicial energy
25 justifies retention of jurisdiction or if it should more properly
26 dismiss the claims without prejudice.")(internal citation omitted). Nor
27 do the comity and fairness factors weigh in favor of exercising
28 supplemental jurisdiction since "[n]eedless decisions of state law

should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.

Since the Gibbs factors do not weigh in favor continued exercise of supplemental jurisdiction over Plaintiffs' state claims, Plaintiffs' state claims are remanded to the Sacramento County Superior Court in California.  Further, the Clerk of Court shall entered judgment on Plaintiffs' federal claims pursuant to this order.

Dated:  July 18, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge